NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY CARESTIA,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and OXYGEN RECOVERY GROUP,<br><br>Defendants. | Civ. No. 15-4598<br><br>**OPINION** |

THOMPSON, U.S.D.J.

    This matter appears before the Court upon the motion for summary judgment brought by defendant Oxygen Recovery Group ("Defendant"). (ECF No. 20). Plaintiff Anthony Carestia ("Plaintiff") opposes. (ECF No. 21). The Court has issued the opinion below based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendant's motion will be granted in part and denied in part.

### BACKGROUND

    This case involves the alleged non-payment of a debt for an apartment rental. Defendant was retained to collect on Plaintiff's alleged debt. (Def.'s Statement of Undisputed Facts ¶ 1, ECF No. 20-12). Defendant reported the alleged debt to Experian Information Solutions, Inc. ("Experian"), a consumer reporting agency, on March 12, 2015. (Stipulation as to Certain Facts ¶ 1, ECF No. 21-1). Defendant re-reported the alleged debt once, on May 11, 2015. (*Id.* ¶ 2). To collect on the alleged debt, Defendant called Plaintiff twice, on November 21, 2014 and May 6, 2015. (*Id.* ¶ 11). Pursuant to Plaintiff's requests to prove the existence of the debt, Defendant

also provided Plaintiff with the alleged rent ledger, lease agreement, and lease renewals on May 28, 2015 and June 15, 2015. (Def.'s Statement of Undisputed Facts ¶¶ 10, 11).

On May 7, 2015, Plaintiff mailed Experian a letter disputing the debt, on the grounds that he moved out of the apartment in question in 1986. (Stipulation as to Certain Facts ¶ 5; May 7, 2015 Letter from Anthony Carestia to Experian, ECF No. 20-6). Plaintiff mailed Defendant a similar letter disputing the debt on May 18, 2015. (Stipulation as to Certain Facts ¶ 7). Defendant received this letter on May 22, 2015. (*Id.* ¶ 8). After this date, Defendant did not re-report the alleged debt, but Defendant did not reach out to Experian to report that the debt was disputed. (*Id.* ¶¶ 3, 4).

On July 22, 2015, Defendant received an automated credit dispute verification request from Experian regarding Plaintiff's account. (*Id.* ¶ 9). Defendant responded to Experian's request on August 14, 2015, notifying Experian to delete the line on Plaintiff's credit report that referenced the alleged debt. (*Id.* ¶ 10).

Plaintiff filed suit against Defendant and Experian on June 29, 2015, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x. (Compl., ECF No. 1). Plaintiff essentially alleges that Defendant violated these laws by continuing to try to collect on the debt after Plaintiff disputed it, and by failing to inform Experian of the dispute. (*See id.*). Plaintiff and Experian moved for a stipulation of dismissal of the claims against Experian on February 16, 2016. (ECF No. 16). Defendant filed a motion for summary judgment on March 24, 2016. (ECF No. 20). This motion is presently before the Court.

DISCUSSION

A. Legal Standard

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n.2 (3d Cir. 1983).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The non-movant's burden is heavy at this point: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatte v. N.J. State Police,* 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg,* 594 F.3d 210, 227 (3d Cir. 2010) (citations omitted).

B. Analysis

Defendant moves for summary judgment on all of Plaintiff's claims, which fall under the FDCPA and the FCRA. The Court will address each Act in turn.

1. Fair Debt Collection Practices Act (FDCPA) Claims

a. Plaintiff's Claims under 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), and 1692f

First, Defendant moves for summary judgment on Plaintiff's claims under 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), and 1692f of the FDCPA. The FDCPA is one of the many federal laws that Congress has enacted to protect consumers. A number of its subsections authorize the filing of private suits against those who use unfair or improper practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 615 (2010). Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Sections 1692e(8) and (10) provide examples of specific conduct that violates this provision, including "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e(8), (10). Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

In its motion for summary judgment, Defendant fails to engage with the language of these provisions. Defendant does not address whether the facts show that it used any false, deceptive, or misleading means or made any misleading representations. Nor does Defendant address whether the facts show that it used any unfair or unconscionable means. Instead,

Defendant rests its motion on the argument that collection agencies such as Defendant have no duty to notify a consumer reporting agency of a post-reporting dispute. This argument does not directly address Plaintiff's claims. Defendant relies entirely on out-of-circuit precedent, and even if the Court were persuaded by this caselaw, Defendant does not show why its argument, if true, would entitle it to summary judgment. Summary judgment may only be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendant has not met its burden of showing why it is entitled to judgment as a matter of law. Therefore, summary judgment will be denied on these claims.

> b. Plaintiff's Claims under 15 U.S.C. §§ 1692d and 1692d(5)

Next, Defendant moves for summary judgment on Plaintiff's claims under 15 U.S.C. §§ 1692d and 1692d(5). Plaintiff pled violations of both 15 U.S.C. § 1692 and one of its subsections, § 1692d(5). (Compl. ¶ 32). However, given that Plaintiff does not plead any facts that describe conduct falling under any other subsection of § 1692d, the Court will only address § 1692d(5). Section 1692d(5) states that

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> **(5)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5). "The question of whether a debt collector engages in 'harassing, annoying, or abusive' conduct is ordinarily an issue of fact for the jury." *Rush v. Portfolio Recovery Associates LLC*, 977 F. Supp. 2d 414, 429 (D.N.J. 2013). However, a plaintiff must

5

plead sufficient facts for a reasonable juror to conclude there has been a violation of this section of the FDCPA. *Id.*

Defendant moves for summary judgment on the grounds that it did not engage in any conduct with the intent to harass, annoy, or abuse Plaintiff. As Defendant notes, the parties stipulated that Defendant only called Plaintiff on two occasions: once on November 21, 2014 and once on May 6, 2015. (Stipulation as to Certain Facts ¶ 11). These allegations alone do not plausibly support a conclusion of Defendant's intent to "annoy, abuse, or harass" Plaintiff. *See, e.g.*, *Lightfoot v. Healthcare Revenue Recovery Grp., LLC*, No. 14-6791, 2015 WL 1103441, at *3 (D.N.J. Mar. 11, 2015) (finding that allegations of two phone calls do not support a conclusion of the defendant's intent to annoy, abuse, or harass the plaintiff); *Derricotte v. Pressler & Pressler, LLP*, No. 10-1323, 2011 WL 2971540, at *4 (D.N.J. July 19, 2011) (finding that allegations of six phone calls about a week apart do not support a conclusion of the defendant's intent to annoy, abuse, or harass the plaintiff). Plaintiff did not indicate that Defendant made those calls at an inconvenient time or place, which might support an inference of intent to harass or abuse. *Lightfoot*, 2015 WL 1103441, at *3. Therefore, the Court finds that no reasonable jury could conclude that Defendant violated 15 U.S.C. § 1692d or § 1692d(5), and so summary judgment will be entered in Defendant's favor on these claims.

      c.  Plaintiff's Claim under 15 U.S.C. § 1692g(b)

Defendant also moves for summary judgment on Plaintiff's claim under 15 U.S.C. § 1692g(b). Section 1692g(b) states that

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such

>> verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).  Defendant moves for summary judgment on this claim on the grounds that it did not continue trying to collect on the alleged debt after being notified that the debt was disputed.

The Court agrees that summary judgment is appropriate on this claim.  The parties stipulated to the fact that Defendant received Plaintiff's first letter disputing the debt on May 22, 2015.  (Stipulation as to Certain Facts ¶ 8).  The parties also stipulated to the fact that Defendant's only calls to Plaintiff to attempt to collect on the debt were placed on November 21, 2014 and May 6, 2015, prior to the receipt of this letter.  (*Id.* ¶ 11).  Plaintiff did not allege specific facts indicating that Defendant attempted to collect on the debt in any way after the receipt of the dispute letter on May 22, 2015.  Therefore, no reasonable jury could find that Defendant violated this provision, and summary judgment will be entered in Defendant's favor.

>> 2.  Fair Credit Reporting Act (FCRA) Claims

Finally, Defendant moves for summary judgment on Plaintiff's FCRA claims.  The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC,* 617 F.3d 688, 706 (3d Cir. 2010).  The FCRA places certain duties on those who furnish information to consumer reporting agencies.  15 U.S.C. § 1681s–2(b), the sole section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information, imposes a duty to conduct an investigation into the completeness and accuracy of the information furnished. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011).  However, a furnisher of information only has this duty after it receives notice of a dispute from the credit reporting

agency to which it provided information. *Id.*; *see also Cortez*, 617 F.3d at 714. The furnisher of information has thirty days from the receipt of this notice to complete the investigation and to provide the credit reporting agency with its findings. 15 U.S.C. § 1681s–2(b)(2) (referencing 15 U.S.C. § 1681i(a)(1)).

Defendant alleges that it did not violate the cited provisions of the FCRA because it investigated Plaintiff's dispute as soon as it was notified of the dispute by Experian, and provided the results in a timely manner. The parties stipulated that Defendant received notice of the dispute from Experian on July 22, 2015. (Stipulation as to Certain Facts ¶ 9). The parties further stipulated that after Defendant received this notice, Defendant performed the required investigation, and responded on August 14, 2015—within thirty days of the receipt of notice of the dispute—with instructions to delete the line on Plaintiff's credit report that referenced the alleged debt. (*Id.* ¶ 10). Considering these facts, no reasonable jury could find that Defendant failed to perform its duties under § 1681s–2(b). To the extent that Plaintiff asserts claims under other subsections of the FCRA, these claims are foreclosed by the lack of a private cause of action under these subsections. *SimmsParris*, 652 F.3d at 358. Therefore, the Court will enter summary judgment in Defendant's favor on Plaintiff's FCRA claims.

CONCLUSION

For the reasons described above, Defendant's motion for summary judgment will be granted in part and denied in part: summary judgment will be entered on Plaintiff's claims under 15 U.S.C. §§ 1692d, 1692d(5), and 1692g(b) of the FDCPA, and all of Plaintiff's claims under the FCRA.  Summary judgment will be denied on Plaintiff's remaining claims under the FDCPA: 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), and 1692f.  A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Dated:** April 25, 2016